UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 05-159-C**

**EVA JEWEL HOGAN, individually and as
Administratrix of the Estate of Robert M.
Hogan,**                                                                                                    **PLAINTIFF,**

V.                             MEMORANDUM OPINION AND ORDER

**GOODRICH CORPORATION, ET AL.,**                                              **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion that the court reconsider its dismissal of certain claims. Alternatively, the plaintiff requests that the court certify questions of law to the Kentucky Supreme Court. The court, having reviewed the record and being advised, will deny these motions.

**A.     Counts I and VII –  Fraud**

The plaintiff requests that the court reconsider its order dismissing counts I and VII of the complaint, which allege that the defendants committed fraud. The Kentucky legislature has mandated that allegations of fraud be prosecuted within ten years of the perpetration of the fraud. K.R.S. § 413.130(3). The plaintiff argues that this statute terminates her cause of action before it matures and urges the court to view counts I and VII as claims for wrongful death and not for fraud. She correctly notes that, in Kentucky, a statute of repose may not foreclose a cause of action for wrongful death prior to its accrual. *Saylor v. Hall*, 497 S.W.2d 218, 225 (Ky. Ct. App. 1973). However, Kentucky courts have also recognized that fraud is

immediately actionable. *Id.* As the fraud allegedly occurred between 1948 and 1979, counts I and VII lay outside of the ten-year window prescribed by the legislature and were properly dismissed. Nor does dismissing the fraud counts cut off the plaintiff's ability to pursue a claim for wrongful death. *Cf. Saylor*, 497 S.W.2d at 225 (noting that a statute of repose that cut off all relief was unconstitutional). Because Kentucky jurisprudence is clear that allegations of fraud must be brought within ten years of the perpetration of the fraud, the court will not certify the question to the Kentucky Supreme Court.

**B.     Counts II and VIII –   Conspiracy**

The "gist of the civil action for conspiracy is the act or acts committed in pursuance of the conspiracy, not the actual conspiracy." There is no separate action for a conspiracy in Kentucky. Rather, "conspiracy" or "concert of action" merely provides a theory under which a plaintiff may recover from multiple defendants for an underlying tort. *Davenport's Adm'x v. Crummies Creek Coal Co.*, 184 S.W.2d 887, 888 (Ky. Ct. App. 1945).

The court has already held that the plaintiff may use a "concert of action" theory to present her products liability claim. (Order, at 9, *citing Farmer v. Newport*, 748 S.W.2d 162 (Ky. Ct. App. 1988)). However, for reasons already mentioned, she may not rely on a "concert of action" or a "conspiracy" theory to recover for the tort of fraud. As "conspiracy" in and of itself is not a tortious act in Kentucky, the plaintiff may not bring a claim for conspiracy. Because Kentucky jurisprudence is clear on the law of civil conspiracy, the court will not certify the question to the

2

Kentucky Supreme Court.

### C. Counts III and IX – Aiding and Abetting

The plaintiff cites to *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991) and to the Restatement (second) of Torts §876(b) to suggest that there is a separate tort of aiding and abetting. The cited authority does not suggest that "aiding and abetting" is a separate tort. Rather, similar to conspiracy, the authority suggests that an entity is jointly liable as a tortfeasor if, knowing that a party's conduct constitutes a breach of duty, it still "gives substantial assistance or encouragement" to that party. Restatement (second) of Torts §876(b). *See also*, *Steelvest*, 807 S.W.2d at 485. This interpretation of "aiding and abetting" is consistent with Kentucky case law. *See, e.g., Davenport*, 184 S.W.2d at 888. Therefore, to the extent that the plaintiff seeks to recover for a separate tort of "aiding and abetting," such a claim was properly dismissed. However, the court will allow the plaintiff to use the doctrine of "aiding and abetting" as a theory of liability for its products claims. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for reconsideration (DE 107) is **DENIED**.

Signed on March 1, 2006

Jennifer B. Coffman, Judge
United States District Court

3