UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 05-159-C**

**EVA JEWEL HOGAN, individually and as Administratrix of the Estate of Robert M. Hogan,**                                                                                       **PLAINTIFF,**

**V.**                             **MEMORANDUM OPINION AND ORDER**

**GOODRICH CORPORATION, ET AL.,**                                                        **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion for reconsideration. The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

This is a case to recover damages allegedly caused by exposure to vinyl chloride. The plaintiff identifies two classes of defendants – manufacturer/supplier defendants and conspiring defendants. Members of the former class include those businesses that manufactured, produced, supplied, or sold vinyl chloride to which the plaintiff-decedent was exposed. Members of the latter class include those that aided and abetted the manufacturer/supplier defendants. The movants are members of the latter class of defendants.

In an order dated January 18, 2006, the court dismissed several of the plaintiff's claims, including claims for the torts of conspiracy and aiding and abetting. (DE 104, at 10-11). The plaintiff moved for reconsideration, arguing that these causes of action were viable. In an order dated March 1, 2006, the court

reaffirmed that Kentucky does not recognize separate torts of aiding and abetting or conspiracy. However, the court also recognized that the plaintiff may proceed against a defendant on the theory that the defendant acted in concert with, or gave substantial assistance or encouragement to, another tortfeasor. This holding was consistent with Kentucky jurisprudence and the Second Restatement of Torts. Because several defendants did not answer the complaint, the court was concerned that they did not understand the March order. Accordingly, the court issued another order on May 16, 2006. In addition to identifying each party-defendant, the court reiterated that the plaintiff could pursue her claims against the conspiring defendants for the torts alleged in counts IV, V, and VI under the theories presented in the Second Restatement of Torts, § 876 ("the Restatement").[1] As explained in the March order, the Restatement allows a plaintiff to proceed against a defendant on the theory that it aided and abetted a tortfeasor. *See also Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 485 (Ky. 1991); *Farmer v City*

---

[1] For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he

> (a) does a tortious act in concert with the other or pursuant to a common design with him, or
>
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
>
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

*of Newport,* 748 S.W.2d 162, 164-65 (Ky. Ct. App. 1988).

There is no separate tort called "aiding and abetting." Nor is there a separate tort called "conspiracy." However, to the extent that the plaintiff alleges that the conspiring defendants gave substantial assistance or encouragement to the manufacturer/supplier defendants, there exists a viable claim. This claim does not take the form of a separate tort called "aiding and abetting," but takes the form of the substantive torts described counts IV, V, and VI. *See Steelvest,* 807 S.W.2d at 485. *See also Roney v. GenCorp*, --- F.Supp. 2d ----, 2006 WL 1236692 (S.D. W.Va. 2006). The plaintiff alleges that the conspiring defendants have taken several steps to conceal the known health risks of vinyl chloride. (*E.g.*, Compl. ¶¶ 24, 26-59, 60-126). The movants argue that the March order does not allow the plaintiff to pursue claims against defendants like themselves who did not make or market the vinyl chloride product and who had no duty to warn of any health risks. They also argue that the plaintiff is attempting to resurrect enterprise liability, a theory that Kentucky has rejected. *See Farmer*, 748 S.W.2d at 165.

The court disagrees with the movants' interpretation of the March order, which, as the May order clarifies, allows the plaintiff to proceed with her claims against those entities who encouraged, assisted, or acted in concert with the manufacturer/supplier defendants in committing the torts alleged in counts IV, V, and VI of the complaint. Moreover, the plaintiff alleges that the actions of the conspiring defendants went beyond a mere failure to warn. Rather, she claims that

3

the conspiring defendants misrepresented the potential health risks of working with vinyl chloride. Finally, the plaintiff does not argue that the conspiring defendants are liable merely because they are members of the vinyl chloride industry. Instead, she alleges that each conspiring defendant is a tortfeasor. (Compl., at ¶ 24).

A products liability claim may be based on a product being in defective condition and unreasonably dangerous such that an ordinarily prudent company engaged in the manufacture of that product, being fully aware of the risk, would not have put it on the market. *Tobin v. Astra Pharma. Prods., Inc.*, 993 F.2d 528, 536 (6th Cir. 1993). Accordingly, consistent with the Restatement, a jury could find that the conspiring defendants misrepresented the risks of vinyl chloride to assist the manufacturer/supplier defendants in the marketing and eventual sale of the product. Although the movants argue that they did not breach any duty, because the pleadings are examined in the light most favorable to the plaintiff, the court disregards this argument and declines to resolve this factual dispute. *See Jones v. Carlisle*, 3 F.3d 945, 947 (6th Cir. 2003).

The movants also cite the January order and argue that no authority allows a plaintiff to use concert-of-action theory in a products case. However, in *Roney*, a recent case that also involves exposure to vinyl chloride, the court invoked the Restatement and allowed a claim to proceed against those entities that assisted the manufacturers and suppliers of the vinyl chloride that caused the injury. Reviewing *Farmer* through the lens of *Roney*, the court agrees that the plaintiff's allegations

4

that the conspiring defendants assisted and encouraged the manufacturer/supplier defendants are sufficient to survive a motion to dismiss. Accordingly,

**IT IS ORDERED** that the defendants' motion for reconsideration (DE 147) is **DENIED**.

Signed on  July 18, 2006

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**